## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | CRIMINAL CASE NO. CF0034-20 |
| vs. | |
| GEORGINA MARIE CHARFAUROS<br>DOB: 07/27/1976 | **DECISION AND ORDER**<br>*Re: People's Motion for Reconsideration of*<br>*Order of Dismissal* |
| Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on February 21, 2025, for a hearing on the People's Motion for Reconsideration of Order of Dismissal, filed on February 11, 2025. Defendant Georgina Marie Charfauros ("Defendant") present, represented by Alternate Public Defender Annie Gayle. Assistant Attorney General ("AAG") Lyle Stamps represented the People of Guam ("the People").

## BACKGROUND

On January 17, 2020, the People filed a Magistrate's Complaint accusing Defendant of: 1) Burglary (As a 2nd Degree Felony); 2) Theft (As a 2nd Degree Felony), with Special Allegation: Vulnerable Victim Enhancement; 3) Identity Theft (As a 3rd Degree Felony), and; 4) Theft (As a Misdemeanor). On January 27, 2020, a grand jury returned an Indictment charging Defendant with the same.

On July 25, 2024, the Court held a hearing for criminal trial-setting. Assistant Attorney General Valerie Nuesa requested a trial date within three (3) weeks, and the Court instead set a hearing for further proceedings for October 10, 2024. At the October 10, 2024 hearing, the People failed to appear, and Attorney Gayle requested the Court to dismiss for failure to prosecute. The Court, on its own motion, dismissed the case without prejudice.

On February 11, 2025, the People filed the instant Motion for Reconsideration, arguing that (1) the dismissal was procedurally defective and violated due process by allegedly not providing the People notice or an opportunity to be heard; (2) the People's motion allegedly tolled appeal deadlines; and (3) there was allegedly no genuine failure to prosecute, as the People were allegedly ready for trial and Attorney Gayle allegedly made misrepresentations to the Court.

On February 17, 2025, Defendant filed an opposition to the Motion, arguing that the motion failed the standard for reconsideration because it described no new evidence, clear error, or intervening change of law, and allegedly relied on unsworn anecdotal evidence rather than admissible evidence. Defendant also objected to the People's delay in filing their Motion.

On February 21, 2025, the Court took the matter under advisement.

## DISCUSSION

Under Guam law, motions for reconsideration in criminal cases are governed by Criminal Rule ("CR") 1.1(d) of the Guam Rules of Criminal Procedure. Pursuant to CR 1.1(d), a motion in a criminal case may only be reconsidered on three grounds: (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision; (2) the emergence of new material facts or a change of law occurring after the time of

such decision, or; (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Of the three grounds for reconsideration under CR 1.1(d), the OAG argues only CR1.1(d)(3), "the Court's Manifest Failure to Consider Material Facts Before the Court Prior to its Decision." Mot., at 8. However, upon review of the argument, the OAG does not seem to actually identify any new or different facts that the Court failed to consider. It merely restates the existing record before the Court when the dismissal was entered, and alleges that the Court "failed to take the consistent and clear record of actions to prosecute this case"; however, it does not actually set forth which facts the Court purportedly ignored. Mot., at 9. To the extent that the OAG alleges any external discussions between Attorney Gayle and AAG Rudolph regarding the OAG's readiness for trial and the status of the plea agreement, the Court finds nothing in the record to substantially support those allegations. The Court does find, however, that the record indicates that Attorney Gayle made multiple statements on the progress and existence of the plea negotiations in the year leading up and including the July 25, 2024 hearing, which the OAG did not formally object to until the July 25 hearing. The record also indicates that little to no progress was made by the prosecution in the year leading up to the July 25, 2024 hearing, on account of the constant replacement of prosecutors on this case and consequent delays in both the case proceedings and the plea negotiations. The Court took all of the OAG's previous delays into account in its dismissal, and despite the OAG's statements that it was ready for trial, the record indicates that it was not ready enough to appear at the October 10, 2024 hearing for trial-setting. These are the facts upon which the Court based its dismissal without prejudice for unnecessary delay pursuant to 8 GCA § 80.70(b), and the OAG has presented no sufficient evidence as to why its numerous delays were necessary.

Further, the OAG states that the Court did not take into account "the rules governing dismissals"; however, the rules governing dismissal are not questions of fact, but questions of law that would be governed under the CR 1.1(d) prongs involving an "intervening change in the law" or "clear legal error," neither of which the OAG argued under.

All of the above notwithstanding, however, the Court has found upon review of the record that the Court did not take into its original analysis the fact that the victim was not notified of the potential dismissal by the OAG prior to the issuance of the Court's dismissal order. Pursuant to 8 GCA § 160(a) and (K), governing the Victims' Bill of Rights, victims have the right to be informed by the OAG immediately of the final disposition of the case, and to be informed of any major developments in the case at least three (3) working days in advance if the crime charged is a felony. Based on the Court's oversight of the lack of notice to the victim, the Court **GRANTS** the Motion for Reconsideration and **ORDERS** that the case be reinstated.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the People's Motion for Reconsideration of Order of Dismissal, and **ORDERS** that the case be reinstated. A Criminal Trial Setting is scheduled for **August 20, 2025** at **2:00 pm**.


**IT IS SO ORDERED:** _____JUN 0 5 2025_____.


![signature]

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to
*AG, APD*

Date *6/5/25* Time *12:22pm*
*Albert Caldes Jr*
Deputy clerk , Superior Court of Guam

Page **4** of **4**